IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JENNIFER LYNN BROWN, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:16-CV-988-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Jennifer Lynn Brown, a federal prisoner confined in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell), against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is confined pursuant to her 2010 federal conviction in the District of Nebraska for distribution of crack cocaine. J., United States v. Brown, Case No. 4:10-CR-2042-001, ECF No. 80. Petitioner asserts that the Clemency Project of 2014 denied clemency review to her in 2015 based on her failure to meet the requisite criteria set by the Department of Justice and the President. *Id.* 1-2 & Ex. A. She further contends that this Court has jurisdiction to consider the petition under the Administrative Procedures Act, which "provides that a reviewing court may set aside an agency action that violates the law." *Id.* at 2.

**II. ISSUES**

Petitioner claims that "[c]onstitutional law has been violated in the administration and review

of clemency requests." Pet. 2, ECF No. 1. More specifically, she contends that the Clemency Project of 2014 has violated her right to equal treatment under the law by granting clemency review to prisoners who, like her, also failed to meet the criteria and by granting clemency to more male prisoners than female prisoners. *Id.* at 2-3. She also contends that the "DAPA executive order" (Deferred Action for Parents of American and Lawful Permanent Residents) "is clemency for illegal aliens" and violates her right to equal treatment under the law by "granting amnesty, deferred prosecution to illegal aliens, while continuing to prosecute United States citizens." *Id.* at 3-4. Finally, she contends that DAPA, by "giving privileges and immunity to non-citizens over U.S. citizens," violates her rights under the Privileges and Immunities Clause. *Id.* at 3-4.

## III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims. The Administrative Procedures Act ("APA") provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Petitioner fails to establish that judicial review under the APA is available in this case. The Clemency Project 2014, defined in the "Notice to Inmates" as "a group of experienced criminal defense and non-profit lawyers" who offer "to assist qualifying inmates with their [clemency] petitions at no cost," is not an "agency" within the meaning of the APA. Pet., Ex. A, ECF No. 1. *See* 5 U.S.C. 701(b)(1) (an agency is "each authority of the Government of the United States"). "Federal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). And, "the substantive discretion of the president in the exercise of his clemency power is all but absolute." *Spinkellink v. Wainwright,* 578 F.2d 582, 618

(5th Cir. 1978), *cert. denied,* 440 U.S. 976 (1979).

Furthermore, even assuming Petitioner's claims were properly presented under § 2241, to obtain federal habeas relief, a petitioner must show a federal constitutional violation. 28 U.S.C. § 2241(c)(3). Petitioner has made no such showing. As she concedes, she was denied clemency, and she has no constitutional right to clemency. *See Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). Because she has no constitutional right to clemency, she was not entitled to due process or equal protection in connection with the procedure by which her petition for clemency was considered. *See Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195 at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Lastly, Petitioner's claim under DAPA is meritless. DAPA set forth criteria for exercising prosecutorial discretion under immigration laws through the use of deferred action, on a case-by-case basis, to allow individuals who otherwise were not legally within the United States to remain for some period of time. *See Texas v. United States,* 787 F.3d 733, 744 (5th Cir. 2015). Petitioner fails to establish how a ruling in her favor as to this claim would result in her immediate release or a reduction of her sentence. Moreover, implementation of DAPA was enjoined on a nationwide basis by the Fifth Circuit's 2015 decision in *Texas v. United States,* 809 F.3d 134 (5th Cir. 2015), *aff'd,* 136 S. Ct. 2271 (2016).

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED, and a certificate of appealability is DENIED.

**SO ORDERED** on this 27th day of December, 2017.

3

Reed O'Connor
UNITED STATES DISTRICT JUDGE